IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JUSTIN GONZALEZ and )
DARRELL E. TULLOCK JR., on behalf of )
themselves and all others similarly situated, )
)
      Plaintiffs, )
)   Case No.  4:21-cv-_____
vs. )
)
AVERTEST, LLC, dba Averhealth )
)
      Defendant. )

<u>NOTICE OF REMOVAL</u>

COMES NOW Defendant AVERTEST, LLC, dba Averhealth ("Averhealth"), by and through counsel, and hereby removes to this Court the civil action styled *Justin Gonzalez and Darrell E. Tullock Jr., on behalf of themselves and all others similarly situated v. Avertest, LLC, dba Averhealth*, Case No. 21SL-CC00937, from the Circuit Court of St. Louis County, Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and in support thereof states:

**Nature of the Action**

1.      The plaintiffs are litigants in child custody cases who allege that their positive drug tests for methamphetamine were inaccurate. Their claims are premised on the testimony of a disgruntled former Averhealth consultant in unrelated proceedings in Michigan state court. Relying on this testimony, the plaintiffs filed this action purporting to plead breach of contract, negligence, and violations of the Missouri Merchandising Practices Act (MMPA) on behalf of all individuals who "paid for and submitted to Averhealth's drug tests." Almost immediately after the plaintiffs filed this action, the Michigan Department of Health and Human Services reported to the Michigan State Court Administrative Office that it had investigated the former consultant's accusations and concluded that Averhealth's tests were "scientifically sound and forensically defensible" and that there "were no issues noted with the testing process, the validity

of the results, or the qualifications of the lab and personnel." *See* DHHS Memorandum dated March 15, 2021, attached as Exhibit 1. Nevertheless, the plaintiffs' claims persist.

## State Court Proceedings

2.      On February 26, 2021, the plaintiffs filed a Class Action Petition against Averhealth in the Circuit Court of St. Louis County, Missouri, Case No. 21SL-CC00937. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, copies of all process, pleadings, and orders on file in the state court are attached as Exhibit 2. The state court docket sheet is attached as Exhibit 3.

3.      Averhealth was served with the summons and petition on March 9, 2021. Accordingly, this Notice of Removal is timely filed.

## Jurisdiction Exists Under the Class Action Fairness Act

4.      Avertest is a Virginia limited liability company that maintains its principal place of business in Virginia.

5.      On information and belief, Plaintiff Gonzalez is domiciled in Indiana.

6.      On information and belief, Plaintiff Tullock is domiciled in Missouri.

7.      The plaintiffs seek to represent the following class:

> All individuals in the United States who, within the applicable period of limitations preceding the filing of this lawsuit to the date of class certification, paid for and submitted to Averhealth's drug tests.

8.      The plaintiffs also seek to represent the following subclass:

> All class members within the state of Missouri who submitted to Averhealth's drug tests.

9.      The petition sets forth six counts: breach of contract (Count I); violation of the MMPA by means of unfair practices (Count II); violation of the MMPA by means of deception

(Count III); violation of the MMPA by means of omissions of a material fact (Count IV); violation of the MMPA by means of misrepresentation (Count V); and negligence (Count VI).

10.     The breach of contract claim is brought on behalf the class, and the MMPA claims are brought on behalf of the subclass. The plaintiffs bring their negligence claim solely on their own behalf.

11.     Under CAFA, a federal district court has original jurisdiction over class actions involving (a) minimal diversity, i.e., diversity between any defendant and any putative class member; (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d).

12.     As set forth below, the parties are minimally diverse, the proposed class exceeds 100 members, and the aggregate amount in controversy exceeds $5 million.

**A.      There is Minimal Diversity**

13.     The plaintiffs are citizens of Indiana and Missouri.

14.     Averhealth is deemed a citizen of Virginia, its state of organization and principal place of business. *See* 28 U.S.C. § 1332(d)(10).

15.     There is minimal diversity under 28 U.S.C. § 1332(d)(2)(A) because at least one class member is of diverse citizenship from Averhealth.

**B.      The Proposed Class Exceeds 100 Members**

16.     The plaintiffs seek to represent every person who, within the applicable limitations period, paid for and submitted to an Averhealth drug test.

17.     Missouri law imposes a five-year statute of limitations on breach of contract and MMPA claims. Mo. Rev. Stat. § 506.120; *Ullrich v. CADCO, Inc.*, 244 S.W.3d 772, 778 n.3 (Mo. Ct. App. 2008).

18.     From February 28, 2016 through February 26, 2021, 64,573 individuals paid for and submitted to an Averhealth drug test. Declaration of Dominique Delagnes ¶ 3, attached as Exhibit 4.

19.     Thus, as alleged by the plaintiffs, the class comprises 64,573 potential members.

20.     However, the plaintiffs' claims are actually governed by the two-year statute of limitations applicable to actions based on improper health care. *See* Mo. Rev. Stat. § 516.105.

21.     From February 27, 2019 through February 26, 2021, 34,488 individuals paid for and submitted to an Averhealth drug test. Delagnes Dec. ¶ 5.

22.     Thus, even as constrained by the shorter limitations period, the class comprises more than 100 members.

**C.      The Aggregate Amount-in-Controversy Exceeds $5 million.**

23.     CAFA instructs the Court "to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

24.     The petition does not make clear the exact measure of the plaintiffs' damages; rather it seeks recovery of the class's "actual damages" "in an amount to be determined."

25.     The essence of each of the plaintiffs' claims is that Averhealth charged the class for drug testing services but failed to perform those tests in accordance with accepted toxicology protocols, methods, and standards, thereby rendering the results of those tests meaningless.

26.     Thus, at minimum, and in addition to each class member's specific consequential damages, the class is seeking to recover the costs of the tests they paid for. *See Kerr v. Vatterott Educ. Centers, Inc.*, 439 S.W.3d 802, 814 (Mo. Ct. App. 2014) (where plaintiff claims that

misrepresented goods or services were worthless, MMPA damages include the amount the plaintiff paid for the goods or services plus incidental losses and expenses); *Pepsi Midamerica v. Harris*, 232 S.W.3d 648, 653 (Mo. Ct. App. 2007) (goal of contract damages is to put the non-breaching party in as good a position as he or she would have been in if the contract had been performed).

27.     Applying a five-year limitations period, the class paid a total of $9,650,773 to Averhealth for drug testing services. Delagnes Dec. ¶ 4. This amount alone satisfies CAFA's $5 million jurisdictional threshold.

28.     Applying a two-year limitations period, the class paid a total of $4,558,569 to Averhealth for drug testing services. Delagnes Dec. ¶ 6. This amount alone nearly satisfies CAFA's $5 million jurisdictional threshold, even without any allocation for consequential damages or non-economic damages.

29.     But the plaintiffs do seek consequential damages and non-economic damages (in addition to any damages based on the costs of the tests). The plaintiffs do not specify how they intend to calculate the class's consequential and non-economic damages, such as those for "being returned to prison, failure to complete drug treatment programs, and restrictions on being able to see their children." Nor do they specify how such highly individualized damages could possibly be considered and awarded in a class action such as they propose. Regardless, the damages are requested in the petition and certainly would also exceed the $5 million jurisdictional threshold.

30.     Further, the petition also seeks injunctive relief, punitive damages, and attorneys' fees.

31.     With respect to the claim for injunctive relief, other than the already disproved speculation of a disgruntled former consultant, the petition does not allege the nature of or the

basis for the putative injunction, praying simply that Averhealth be enjoined "from continuing the unlawful practices as set forth herein." Indeed, the plaintiffs do not specify what Averhealth should be ordered to do (or not do). Accordingly, Averhealth cannot possibly know the cost to implement the injunctive relief sought, but reserves the right to have that sum included in the amount in controversy if the Court were to disagree that the jurisdictional minimum is not easily satisfied by the aggregation of the class's damages and the plaintiffs' attorneys' fees claims.

32.     With respect to the claim for attorneys' fees, the plaintiffs will likely request a fee award of up to 25% of the class's recovery. *See, e.g. In re Charter Commc'ns, Inc., Sec. Litig.*, 2005 WL 4045741, at *13 (E.D. Mo. June 30, 2005) (holding that a 20% attorneys' fee was "equal to or below what courts in this Circuit commonly award in common fund cases"). *See also Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) (awarding fees of 24%); *In re Eng'g Animation Sec. Litig.*, 203 F.R.D. 417, 423 (S.D. Iowa 2001) (awarding fees of 33%); *In re IBP, Inc. Sec. Litig.*, 328 F. Supp. 2d 1056, 1065 (D.S.D. 2004) (awarding fees of 28%). If the plaintiffs succeed on their claims and the class recovers $4,558,569, then they could be awarded up to $1,139,642.25 [$4,558,569 x 25%] in attorneys' fees.

33.     With respect to the claim for punitive damages, the plaintiffs will likely ask the Court to impose that award on "the net amount of the judgment," which includes their damages and any attorney fee recovered. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013). Assuming that the plaintiffs will request at least a 9-to-1 punitive damages ratio, *see State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process"), the plaintiffs could recover $51,283,901.25 in additional damages

[($4,558,569 + $1,139,642.25) x 9]. Even applying a 1-to-1 punitive damages ratio, the plaintiffs would recover $5,698,211.25 in additional damages [$4,558,569 + $1,139,642.25].

34.     Based on all of the foregoing, the amount in controversy is <u>at least</u> $11,396,422.50, which is well in excess of CAFA's $5 million jurisdictional threshold.

35.     By removing this action, Averhealth does not waive, and specifically reserves, its rights, including without limitation all available arguments and affirmative defenses. Averhealth does not concede that class certification is appropriate or that the plaintiffs are entitled to any recovery whatsoever. However, the question is not whether class certification is appropriate or whether the plaintiffs will recover any amount for any particular time period, but whether a fact finder might legally conclude that the class could recover in excess of $5 million in the aggregate, exclusive of interests and costs.

36.     In the event that the plaintiffs file a request to remand or the Court considers remand *sua sponte*, Averhealth requests the opportunity to submit argument and/or additional evidence in support of removal.

37.     Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is removable to this Court pursuant to 28 U.S.C. §§ 105(a) and 1441(a).

38.     In accordance with 28 U.S.C. § 1446(d) and Local Rule 2.03, Averhealth will file proof of filing of this Notice of Removal with the Clerk of the Circuit Court of St. Louis County, which shall effect removal, and will serve a copy upon the plaintiffs' counsel.

RESPECTFULLY SUBMITTED on April 6, 2021.

ARMSTRONG TEASDALE LLP

By: */s/ Timothy J. Gearin*

| | |
|---|---|
| William Ray Price, Jr. | 29142MO |
| David G. Ott | 30449MO |
| Timothy J. Gearin | 39113MO |
| Donald M. Flack | 49714MO |
| Jonathan R. Shulan | 65426MO |

7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070   FAX: 314.621.5065
wprice@atllp.com
dott@atllp.com
tgearin@atllp.com
dflack@atllp.com
jshulan@atllp.com

ATTORNEYS FOR DEFENDANT
AVERTEST, LLC, DBA AVERHEALTH