**21SL-CC00937**

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS, MISSOURI
TWENTY-FIRST JUDICIAL CIRCUIT

| | | |
|---|---|---|
| JUSTIN GONZALEZ and | | |
| DARRELL E. TULLOCK JR., on behalf of | ) | |
| themselves and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. |
| AVERTEST, LLC, dba Averhealth | ) | |
| | ) | JURY TRIAL DEMANDED |
| Serve: Registered Agent | ) | |
| CSC-Lawyers Incorporating Company | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' CLASS ACTION PETITION**

EXHIBIT 2

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................ 1

THE PARTIES .................................................................................................... 2

   Plaintiffs .......................................................................................................... 2

   Defendant ........................................................................................................ 2

JURISDICTION AND VENUE ........................................................................... 2

FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY ............................. 3

   Plaintiff Justin Gonzalez's Experience ......................................................... 8

   Plaintiff Darrell Tullock's Experience .......................................................... 9

CLASS ACTION ALLEGATIONS .................................................................... 10

COUNT I: BREACH OF CONTRACT .............................................................. 12

COUNT II: VIOLATION OF THE MMPA By MEANS OF UNFAIR PRACTICES ............... 13

COUNT III: VIOLATION OF THE MMPA BY MEANS OF DECEPTION ............................ 16

COUNT IV: VIOLATION OF THE MMPA BY MEANS OF OMISSION OF A MATERIAL FACT ........................................................................................................... 17

COUNT V: VIOLATION OF THE MMPA BY MEANS OF MISREPRESENTATION ......... 20

COUNT VI: NEGLIGENCE ............................................................................. 21

JURY DEMAND .............................................................................................. 22

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

PLAINTIFFS Justin Gonzalez and Darrell E. Tullock Jr. (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, files this petition against Defendant Avertest, LLC, d/b/a Averhealth ("Averhealth"), as follows based on personal knowledge as to their own actions and on information and belief, based on the investigation of counsel, as to Defendant's conduct and practices.

## INTRODUCTION

1. Plaintiffs bring this class action individually and on behalf of a Class of similarly situated individuals (referred to collectively as "Class Members") who submitted to drug tests conducted by Averhealth. As set forth herein, the tests performed by Averhealth were not conducted according to acceptable and appropriate standards of toxicology, in part due to Averhealth's failure to employ proper quality control methods and standards in its tests. Accordingly, the results obtained from the tests of Plaintiffs' and Class Members' samples were not based on proper data and science, and thus were not scientifically meaningful.

2. As Averhealth knows, individuals who submit to its drug tests depend on the tests being fair and accurate, and severe consequences often arise when individuals test positive for a substance. Thus, adhering to proper quality control standards is of the utmost importance. But as set forth herein, Averhealth prioritized the speed in which it returned test results to its customers over ensuring that proper testing methods were followed.

3. Defendant's actions as alleged herein breached its contracts with individuals who paid for and submitted to its tests and breached its duty of care to perform its tests pursuant to accepted protocols, such that the tests are accurate and reliable.

1

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

## THE PARTIES

### Plaintiffs

4.      Plaintiff Justin Gonzalez is a resident of the State of Indiana. During the relevant class period he tested positive for a substance that he had not consumed due to tests conducted by Defendant Averhealth that did not follow appropriate testing protocols and methods.

5.      Plaintiff Darrell E. Tullock Jr. is a resident of St. Charles County and a citizen of the State of Missouri. During the relevant class period he tested positive for certain substances that he had not consumed due to tests conducted by Defendant Averhealth that did not follow appropriate testing protocols and methods.

### Defendant

6.      Defendant Avertest, LLC, dba Averhealth, is a Virginia corporation, with its principal place of business at 2916 W. Marshall St., Suite A, Richmond, VA 23230. Its registered agent in Missouri is CSC-Lawyers Incorporating Company, 221 Bolivar Street, Jefferson City, MO 65101.

### JURISDICTION AND VENUE

7.      The Circuit Court of St. Louis County has subject matter jurisdiction over this action and personal jurisdiction over Defendant because the actions complained of regarding Plaintiffs' injuries took place in St. Louis County.

8.      Venue is proper in the Circuit Court of St. Louis County because Plaintiffs and Class Members were first injured by Averhealth's acts and conduct described herein in St. Louis County, Missouri. *See* R.S. Mo. § 508.010.4.

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

9.      Averhealth states on its website: "All samples ship to our laboratory in St. Louis," which is where it performs its analysis of samples and thus where the violations alleged herein occurred.[1] Its laboratory is located at 4709 LaGuardia Drive, Ste. 100, St. Louis, MO 63134.

10.     This is a class action filed under Missouri Supreme Court Rule 52.08.

### FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY

11.     Averhealth performs drug testing services to over 400,000 clients in 30 states.[2] It conducts tests based on the following specimen types: urine, hair, oral fluid, and sweat. *Id*.

12.     Averhealth states that its laboratory "is one of only 30 labs with accreditation by College of American Pathologists-Forensic Drug Testing (CAP-FDT) and accredited by the U.S. Department of Health and Human Services Clinical Laboratory Improvements Amendment (CLIA) and the Drug Enforcement Agency (DEA)."[3] It adds that its laboratory "is operated by PhD-and Masters-level toxicologists." *Id*.

13.     Averhealth states that it "tests for over 1,500 substances across urine, breath, oral fluid, and hair using laboratory instruments and applying scientifically valid and forensically defensible methodologies …" *Id*. It claims that "Averhealth delivers the industry's most accurate and timely testing." *Id*.

14.     It also claims that "[s]amples that initially screen positive are reflexed for a second screen using a new aliquot. The specimen is reported as positive if the reactions of the first and second tests are statistically similar." *Id*.

15.     Averhealth states that "[c]onfirmation testing is conducted via LC-MS/MS, a methodology that exceeds GC/MS standards. This method allows for greater compound

---

[1] http://averhealth.com/why-averhealth/ (accessed 2/11/2021).
[2] https://averhealth.com/our-laboratory/ (accessed 2/11/2021).
[3] https://Averhealth.com/our-laboratory/ (accessed 2/11/2021).

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

coverage, including designer and synthetic substances, better precision and sensitivity, and faster panel expansion to adapt to changing substance use trends." *Id*.

16.     Averhealth provides drug testing services to entities including drug and DUI courts, veterans treatment courts, mental health courts, family courts, and domestic violence courts.[4] Averhealth knows that these entities rely on the accuracy of its tests, as do the individuals who undergo and pay for the tests and whose lives can be drastically altered based on the results.

17.     For example, in Averhealth's blog post entitled "Why Accurate Results Are So Important," it states: "Accurate and reliable testing results are crucial in the criminal justice system" and that "there are real life implications for inaccurate tests."[5] It adds that in treatment courts, "drug test results can be a driver for incentives and sanctions" and "[w]hen those consequences … are not in line with reality due to a false positive or negative, the impact on participants can be profound." *Id*. Furthermore, Averhealth states that specific effects of false positives include being sent to jail, job or home loss, and the loss of children to foster care. *Id*.

18.     Averhealth markets its "Next Business Day Results," which it claims is "a full day faster than most lab-based testing companies." *Id*.

19.     Contrary to its claim that it delivers the industry's "most accurate" testing, Averhealth's test results are in fact riddled with inaccuracies based on comprehensive and widespread failures to follow accepted testing protocols.

20.     As set forth herein, significant problems with Averhealth's quality control practices, which did not meet guidelines established by the College of American Pathologists for forensic drug testing ("CAP"), render the results of its tests essentially meaningless.

---

[4] Averhealth.com/treatment-courts/ (accessed 2/11/2021).
[5] https://averhealth.com/why-accurate-results-are-so-important/ (accessed 2/11/2021).

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

21.     For an acceptable quality control scheme, samples with known concentrations, or "quality controls," should be tested alongside the patients' samples. The results of these quality controls should match the expected value within at least 20% for the entire run of patient samples to be scientifically acceptable.

22.     On information and belief, Averhealth's quality controls consistently failed, yet the test results were still reported. Moreover, technical staff would manipulate data to force quality controls to be within the acceptable range. Some manipulations included changing the internal standards used and changing the regression of the calibration curve (addressed further below).

23.     Furthermore, to ensure that the preparation of a sample is correct, an internal standard should be used. An internal standard is a compound that is similar to the compound of interest; thus, in toxicology, it is usually a drug with isotopes (elemental differences) distinct from the drug of interest. Notably, it is a substance not likely to occur in hair or urine being tested.

24.     Internal standards are added to the sample at the beginning of the sample preparation process and at the end of the analytical process the result of the internal standard is compared to an expected value. If it is a good comparison, then the sample can be analyzed. But if it is not a good comparison or if the internal standard is not detected, the results of the patient specimen analysis should not be used and the sample should be prepared again.

25.     Thus, the internal standard ensures that the output numbers from the test are accurate, because the results should show the exact quantity of the internal standard placed into the test. As an example, if 5ng/ml (nanograms per milliliter) of an internal standard are put into a test, the results should show 5ng/ml of that internal standard.

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

26.     However, Averhealth did not follow the proper process as to internal standards. On information and belief, at times Averhealth used test results even where the results supposedly showed that an internal standard that was used did not exist.

27.     On information and belief, there were also serious problems with the calibration curves that Averhealth used for its tests.

28.     As Averhealth states, "[a] quantitative test, also known as a confirmation, compares an unknown sample against a defined numerical range. The defined range is based on a calibration curve with five to seven data points. The calibration curve can give a definitive amount of a drug that is present in the sample. The interpretation of the result is not just positive or negative, but also 'how much.'"[6]

29.     More specifically, a calibration curve is a series of samples with known concentrations that span a range of concentrations of a particular drug. Each calibrator would have an increasing amount of a particular drug. It should be prepared and analyzed with every batch of patient specimens. Prior to analyzing the patient specimens, the calibration curve should be analyzed for accuracy, including the coefficient of determination, which measures variance around the regression line of the curve. This is important to the accuracy of the patients' results because the regression of the curve is used to determine the concentrations of drugs in the patients' samples. Without a proper calibration curve, concentration numbers are nothing more than an educated guess.

30.     On information and belief, Averhealth frequently and consistently used calibration curves that failed to meet acceptance criteria and/or manipulated data, yet reported the patients' results anyway. One frequent method used to manipulate data was to pull

---

[6] https://averhealth.com/drug-test-cutoff-levels-not-what-you-think/ (accessed 2/12/2021).

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

calibration curve data from runs going back days to weeks in order to find a curve that was within the acceptance criteria. It would then use this "historical" curve, which is not an acceptable practice by the CAP guidelines.

31.     Furthermore, quality controls should be used to verify that the calibration curve worked. For example, one quality control should be low for a particular drug and one high. If the calibration curve works, the result would show the low result and high result. On information and belief, Averhealth did not properly follow this use of quality controls to verify the calibration curves that they used in their tests.

32.     Instead of conducting its tests with proper internal standards, quality controls, and calibration curves, Averhealth prioritized the speed of its results, consistent with its above claim that it gets results faster than other companies. But as Averhealth's above statements about why accurate results are so important show, speed should not come at the expense of proper quality control practices.

33.     At least one court has already recognized the disastrous lack of quality and reliability of Averhealth's drug tests. *See* Ex. A, November 10, 2020 Blanket Order Regarding Substance Use Testing for Midland County Child Protection Cases by Hon. Dorene S. Allen, Presiding Probate and Family Court Judge for Midland County Probate Court, State of Michigan.

34.     In that Order, Judge Allen states in part that despite quality controls that were put in place, "currently there are significant questions regarding the reliability of Aver Health." Judge Allen issued the following order that Averhealth would no longer be used to perform tests in the Court's child protection cases: "This Court having been involved in the analysis of the quality and reliability of Aver Health a//k/a Aversys and their substance use testing, hereby

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

orders that from this date forward an alternative lab will be used for child protection cases through this Court."

35.     Furthermore, Judge Allen's Order includes a November 6, 2020 Memorandum from the Michigan Supreme Court State Administrative Office regarding concerns that were brought to its attention regarding the accuracy of Averhealth's drug testing results. In addition to addressing a series of false positive results that had occurred, the Memorandum states: "In addition, we have been informed that allegations have been raised regarding Averhealth employee practices not complying with the company's accreditation standards."

36.     Accordingly, Judge Allen ordered that "substance abuse testing be conducted by an alternate laboratory to be selected by this Court."

**Plaintiff Justin Gonzalez's Experience**

37.     Mr. Gonzalez is one of the many individuals whose life has been significantly impacted by Averhealth's failure to follow proper quality controls in its drug tests.

38.     In April 2016, Mr. Gonzalez paid for and submitted to a drug test of his hair by Averhealth in connection with a child custody matter.

39.      His test came back positive for Methamphetamine. This was inaccurate, as Mr. Gonzalez had not consumed this substance.

40.     Mr. Gonzalez then obtained additional drug tests from companies other than Averhealth, including in June, September, and November 2016, none of which were positive for Methamphetamine.

41.     Another drug test that Mr. Gonzalez obtained from Averhealth in March 2018 also returned false positives. His test came back positive for Amphetamine, Methamphetamine, THC, Benzoylecgonine, and Cocaine. This was inaccurate, as Mr. Gonzalez had not consumed these substances.

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

42.     Because of the inaccurate positive test results, Mr. Gonzalez was not allowed to see his children unsupervised. This has caused substantial emotional distress for himself and, he believes, potential emotional effects on his children.

**Plaintiff Darrell Tullock's Experience**

43.     Mr. Tullock is another one of the many individuals whose life has been significantly impacted by Averhealth's failure to follow proper quality controls in its drug tests.

44.     In February 2020, Mr. Tullock was told to submit to a drug test of his hair by the guardian ad litem in his child custody matter.

45.     His test was conducted by Averhealth and came back positive for Amphetamine and Methamphetamine. Mr. Tullock paid Averhealth directly for this test and for the tests set forth below.

46.     He also submitted to a drug test in May 2020, which again purported to show that he tested positive for Amphetamine and Methamphetamine.

47.     Mr. Tullock's June 2020 test was again positive for these substances in addition to TCH and Benzoylecgonine.

48.     His July 2020 test was positive for Amphetamine and Methamphetamine, and his September 2020 test came back positive for these substances in addition to Benzoylecgonine and Cocaine.

49.     Those tests were inaccurate. Mr. Tullock was not using or consuming any of the above substances for which the tests came back positive, other than THC because he was taking physician-prescribed medical marijuana.

50.     Because of these incorrect positive test results, Mr. Tullock obtained tests by his own doctor. Those tests came back negative for these substances, other than THC based on his

9

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

prescription for medical marijuana. Notably, only one of these five tests from Averhealth showed a positive result for THC.

51.     Based on the inaccurate positive tests from Averhealth's tests of his samples, the Court in Mr. Tullock's child custody matter placed restrictions on his ability to see his child unsupervised, a restriction that has lasted nearly one year. This has caused substantial emotional distress for himself and, he believes, potential emotional effects on his child.

## CLASS ACTION ALLEGATIONS

52.     **The Class.** Plaintiffs bring this action on their own behalf and as a class action on behalf of a Breach of Contract Class of all individuals who submitted to, and paid for, Averhealth's drug tests ("the Class"), as well as a Breach of Contract Subclass of individuals in Missouri ("Missouri Subclass").

53.     Specifically, Plaintiffs seek to represent the following Class:

> All individuals in the United States who, within the applicable period of limitations preceding the filing of this lawsuit to the date of class certification, paid for and submitted to Averhealth's drug tests.
>
> ("Class").
>
> All Class Members within the State of Missouri who submitted to Averhealth's drug tests.
>
> ("Missouri Subclass").
>
> Excluded from the Class are officers, directors and employees of Defendant, counsel and members of the immediate families of counsel for Plaintiffs herein, and the judge presiding over this action and any member of the judge's immediate family.

54.     This action is properly maintainable as a class action under Missouri Supreme Court Rule 52.08.

55.     Plaintiffs reserve the right to re-define the Classes prior to class certification.

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

56.     **Numerosity.** The members of the proposed Class are so numerous that joinder of all members is impracticable. The precise number of Class Members is unknown at this time, as such information is in the exclusive control of Defendant.

57.     **Common Questions of Law and Fact and Predominance.** Numerous questions of law and fact are common to Plaintiffs and the Class Members and predominate over any individual questions. Such common legal and factual questions include, but are not limited to:

   a.  Whether Averhealth failed to use proper quality controls for its drug tests in accordance with forensic toxicology best practices and CAP requirements;

   b.  Whether Averhealth failed to properly use and rely on internal standards for its drug tests in accordance with forensic toxicology best practices and CAP requirements;

   c.  Whether Averhealth failed to use and rely on appropriate calibration curves for its drug tests in accordance with forensic toxicology best practices and CAP requirements;

   d.  Whether as a result of Averhealth's failure to follow and abide by appropriate quality control methods and standards for its drug tests, the results of its drug tests have been rendered meaningless as not supported by data or science;

   e.  Whether Averhealth's actions breached its contracts with individuals who submit to its drug tests by failing to use appropriate quality control methods in its tests.

58.     **Typicality.** Plaintiffs' claims are typical of the claims of the Class Members. Plaintiffs and all Class Members have suffered damages as a result of Defendant's failure to follow proper quality control standards in connection with its drug tests.

59.     **Adequacy of Representation.** Plaintiffs will fairly and adequately represent and protect the interests of the proposed Class. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions.

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

60.     Plaintiffs and counsel are committed to prosecuting this action vigorously on behalf of the Class, and do not have any interests that are contrary to or in conflict with those of the Class they seek to represent.

61.     **Superiority.** A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

62.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications concerning the subject of this action.

63.     Absent a class action, the vast majority of Class Members likely would not be in a position to litigate their claims individually and would have no effective remedy at law through which to vindicate their claims against Defendants and be made whole.

64.     Class treatment will conserve the resources of the courts and the litigants, and further efficient adjudication of Class Member claims.

65.     **Class Action on Limited Issues.** Because there are common individual issues among the Class, it is appropriate for this action to be maintained as a class action with respect to particular issues if necessary. *See* Mo. Sup. Ct. R. 52.08(c)(4).

### COUNT I: BREACH OF CONTRACT
#### (On behalf of Plaintiffs, the Class, and the Missouri Subclass)

66.     Plaintiffs incorporate by reference all preceding paragraphs of this Petition as if fully set forth herein, and further allege as follows.

67.     Plaintiffs and Class Members entered into contracts with Averhealth, under which Averhealth offered to, and did, provide them with drug testing services, in exchange for payment by Plaintiffs and Class Members.

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

68.     Plaintiffs and Class Members performed by paying Averhealth for the drug tests to which they submitted.

69.     A material term of the agreement was that the tests performed by Averhealth would be performed according to accepted and appropriate protocols in toxicology, such that accurate and reliable results would be obtained.

70.     Averhealth breached the contracts with Plaintiffs and Class Members by failing to utilize accepted and appropriate protocols in analyzing their samples, including by failing to employ proper quality control methods and standards as set forth herein.

71.     As a result of this failure by Averhealth, Plaintiffs and Class Members tested positive for substances that they had not taken.

72.     Plaintiffs and Class Members thereby suffered damages, in that the positive test results that were improperly obtained from their samples resulted in serious negative consequences, including but not limited to being returned to prison, failure to complete drug treatment programs, and restrictions on being able to see their children.

73.     WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT II: VIOLATION OF THE MMPA BY MEANS OF UNFAIR PRACTICES
### (On behalf of Plaintiffs and the Missouri Subclass)

74.     Plaintiffs incorporate by reference all preceding paragraphs of this Petition as if fully set forth herein, and further allege as follows.

75.     The actions of Defendant alleged herein violated, and continue to violate, the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq*, because they constitute unfair practices.

76.     The MMPA, Mo. Rev. Stat. § 407.020, states in relevant part:

13

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice.

77.     Plaintiffs, on behalf of themselves and all others similarly situated in Missouri,

are entitled to bring this action pursuant to Mo. Rev. Stat. § 407.025, which provides in relevant

part that:

1. Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

2. Persons entitled to bring an action pursuant to subsection 1 of this section may, if the unlawful method, act or practice has caused similar injury to numerous other persons, institute an action as representative or representatives of a class against one or more defendants as representatives of a class . . . . In any action brought pursuant to this section, the court may in its discretion order, in addition to damages, injunction or other equitable relief and reasonable attorney's fees.

78.     The MMPA defines "merchandise" as any objects, wares, goods, commodities,

intangibles, real estate or services. Mo. Rev. Stat. § 407.010. Thus, the drug testing services that

Defendant provides are merchandise.

79.     In selling its drug testing services, Defendant is engaging in the sale of

merchandise in trade or commerce.

80.     Plaintiffs and the Missouri Subclass entered into agreements with Defendant for

its drug testing services for personal, family, or household purposes.

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

81.     The Missouri Attorney General has promulgated regulations defining the meaning of unfair practice as used in the MMPA. That definition states that unethical practices are unfair in violation of the above statute. Mo. Code Regs. tit. 15, § 60-8.020.

82.     Missouri case law provides that the MMPA's "literal words cover *every practice imaginable and every unfairness to whatever degree*." *Conway v. CitiMortgage, Inc.*, 438 S.W.3d 410, 416 (Mo. 2014) (quoting *Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d 237, 240 (Mo. banc 2001). Furthermore, the statute's "plain and ordinary meaning of the words themselves ... are unrestricted, all-encompassing and exceedingly broad." *Id.* at 240.

83.     Pursuant to the MMPA, Defendant has a duty not to engage in any unethical or unfair practice in connection with the sale of any merchandise in trade or commerce. For the reasons stated herein, it breached that duty.

84.     Failing to utilize accepted and appropriate protocols in analyzing their samples, including by failing to employ proper quality control methods and standards as set forth herein, so that Plaintiffs and Missouri Subclass members did not receive fair and accurate drug tests, is unfair and unethical and violates generally accepted principles of ethical business conduct.

85.     Plaintiffs and the Missouri Subclass thereby suffered ascertainable loss by paying for tests that were not fair and accurate and by suffering serious consequences from positive tests results that were improperly obtained from their samples, including but not limited to being returned to prison, failure to complete drug treatment programs, and restrictions on being able to see their children.

86.     Defendant's acts and practices alleged herein have directly, foreseeably, and proximately caused loss, damages, and injury to Plaintiffs and the Missouri Subclass in an amount to be determined at trial.

15

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

87.     Defendant's unfair and unethical acts and practices in violation of the MMPA were performed willfully and wantonly, were outrageous, and were done in reckless indifference to the rights of Plaintiffs and the Missouri Subclass.

88.     WHEREFORE, Plaintiffs and the Missouri Subclass pray for the relief requested in the Prayer for Relief set forth below in this Petition.

<u>**COUNT III: VIOLATION OF THE MMPA BY MEANS OF DECEPTION**</u>
**(On behalf of Plaintiffs and the Missouri Subclass)**

89.     Plaintiffs incorporate by reference all preceding paragraphs of this Petition as if fully set forth herein, and further allege as follows.

90.     The actions of Defendant alleged herein violated, and continue to violate, the MMPA because they constitute deception.

91.     Mo. Rev. Stat. § 407.020.1 prohibits "[t]he act, use or employment by any person of any … deception … in connection with the sale or advertisement of any merchandise in trade or commerce."

92.     The Missouri Attorney General has promulgated regulations defining the meaning of deception as used in the MMPA. That definition states that deception is any "method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression." Mo. Code Regs. Ann. tit. 15, § 60-9.020.

93.     Pursuant to the MMPA, Defendant has a duty not to engage in any deception in connection with the sale or advertisement of any merchandise in trade or commerce. For the reasons stated herein, it breached that duty.

94.     Advertising the high quality and accuracy of its drug tests as set forth above and then failing to utilize accepted and appropriate protocols in analyzing their samples, including by failing to employ proper quality control methods and standards as set forth herein constitutes

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

deception under the MMPA, because this act or practice has the tendency or capacity to mislead, deceive, cheat, and/or create a false impression.

95.     Specifically, Defendant's act or practice of advertising the high quality and accuracy of its drug tests despite not employing proper quality control methods and standards in its tests has the tendency to mislead, deceive, and create a false impression among individuals who submit to Defendant's tests, such that they believe they are submitting to drug tests that are fair and accurate, and to cheat them into paying for such faulty drug tests.

96.     Plaintiffs and the Missouri Subclass thereby suffered ascertainable loss by paying for tests that were not fair and accurate and by suffering serious consequences from positive tests results that were improperly obtained from their samples, including but not limited to being returned to prison, failure to complete drug treatment programs, and restrictions on being able to see their children.

97.     Defendant's deceptive acts and practices have directly, foreseeably, and proximately caused loss, damages and injury to Plaintiffs and the Missouri Subclass.

98.     Defendant's deceptive acts and practices in violation of the MMPA were performed willfully and wantonly, were outrageous and were done in reckless indifference to the rights of Plaintiffs and the Missouri Subclass.

99.     WHEREFORE, Plaintiffs and the Missouri Subclass pray for the relief requested in the Prayer for Relief set forth below in this Petition.

### COUNT IV: VIOLATION OF THE MMPA BY MEANS OF OMISSION OF A MATERIAL FACT
### (On behalf of Plaintiffs and the Missouri Subclass)

100.     Plaintiffs incorporate by reference all preceding paragraphs of this Petition as if fully set forth herein, and further allege as follows.

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

101.    The actions of Defendant alleged herein violated, and continue to violate, the MMPA because they constitute omission of a material fact.

102.    Mo. Rev. Stat. § 407.020.1 prohibits by any person the "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce."

103.    The Missouri Attorney General has promulgated regulations defining the meaning of terms in the MMPA. Accordingly, omission of a material fact as used in the MMPA is "any failure by a person to disclose material facts known to him/her, or upon reasonable inquiry would be known to him/her." 15 C.S.R. § 60-9.110.

104.    A material fact is "any fact which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner." 15 C.S.R. § 60-9.010.

105.    Pursuant to the MMPA, Defendant has a duty not to omit material facts in connection with the sale or advertisement of any merchandise in trade or commerce. For the reasons stated herein, it breached that duty.

106.    As set forth above, Defendant was aware of its failure to use accepted and appropriate protocols in its drug tests, including its failure to use proper quality control methods and standards. Even if Defendant had been unaware of such failures, which it was not, the lack of proper quality control methods in its drug tests would have been known to it upon reasonable inquiry.

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

107.    The failure of the use of accepted and appropriate protocols in its drug tests is a material fact, because a reasonable consumer would likely consider it important to know, when submitting to a drug test, that the test is not conducted according to accepted and appropriate protocols.

108.    Furthermore, the failure of the use of accepted and appropriate protocols in Defendant's drug tests is also a material fact because a reasonable consumer would likely be induced to change his or her decision to submit to the drug test based on knowing that it is not conducted according to such accepted and appropriate protocols.

109.    Despite Defendant's knowledge that its drug tests were not conducted according to accepted and appropriate protocols, Defendant omitted any reference of such failures to Plaintiffs and the Missouri Subclass prior to their submitting to Defendant's drug tests.

110.    Accordingly, Defendant's provision of drug tests that were not conducted according to accepted and appropriate protocols to Plaintiffs and Missouri Subclass members, without first disclosing the failure of its tests to employ accepted and appropriate protocols, constitutes omission of a material fact under the MMPA.

111.    Plaintiffs and the Missouri Subclass thereby suffered ascertainable loss by paying for tests that were not fair and accurate and by suffering serious consequences from positive tests results that were improperly obtained from their samples, including but not limited to being returned to prison, failure to complete drug treatment programs, and restrictions on being able to see their children.

112.    Defendant's omissions have directly, foreseeably, and proximately caused loss, damages and injury to Plaintiffs and the Missouri Subclass.

19

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

113.    Defendant's omissions in violation of the MMPA were performed willfully and wantonly, were outrageous and were done in reckless indifference to the rights of Plaintiffs and the Missouri Subclass.

114.    WHEREFORE, Plaintiffs and the Missouri Subclass pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT V: VIOLATION OF THE MMPA BY MEANS OF MISREPRESENTATION
### (On Behalf of Plaintiffs and the Missouri Subclass)

115.    Plaintiffs incorporate by reference all preceding paragraphs of this Petition as if fully set forth herein, and further allege as follows.

116.    The actions of Defendant alleged herein violated, and continue to violate, the MMPA because they constitute misrepresentation.

117.    Mo. Rev. Stat. § 407.020.1 prohibits "[t]he act, use or employment by any person of any … misrepresentation … in connection with the sale or advertisement of any merchandise in trade or commerce."

118.    The Missouri Attorney General has promulgated a regulation defining the meaning of misrepresentation as used in the MMPA. That definition states that misrepresentation "is an assertion that is not in accord with the facts." Mo. Code Regs. Ann. tit. 15, § 60-9.070.

119.    Pursuant to the MMPA, Defendant has a duty not to engage in any misrepresentation in connection with the sale or advertisement of any merchandise in trade or commerce. For the reasons stated herein, it breached that duty.

120.    Defendant's advertising that it delivers the industry's most accurate drug testing constitutes misrepresentation under the MMPA, because it is an assertion that is not in accord with the facts.

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

121.    Plaintiffs and the Missouri Subclass thereby suffered ascertainable loss by paying for tests that were not fair and accurate and by suffering serious consequences from positive tests results that were improperly obtained from their samples, including but not limited to being returned to prison, failure to complete drug treatment programs, and restrictions on being able to see their children.

122.    Defendant's misrepresentations have directly, foreseeably, and proximately caused loss, damages and injury to Plaintiffs and the Missouri Subclass.

123.    WHEREFORE, Plaintiffs and the Missouri Subclass pray for the relief requested in the Prayer for Relief set forth below in this Petition.

### COUNT VI: NEGLIGENCE
**(On behalf of Plaintiffs)**

124.    Plaintiffs incorporate by reference paragraphs 1- 65 of this Petition as if fully set forth herein, and further allege as follows.

125.    Averhealth owed Plaintiffs a duty to analyze their samples in accordance with accepted and appropriate protocols in toxicology, including proper quality control methods and standards, such that the results obtained would be accurate and reliable.

126.    By failing to employ appropriate quality control methods and standards in its drug tests, as set forth herein, Averhealth breached its duty to Plaintiffs.

127.    That breach caused Plaintiffs to test positive for the substances set forth above that they had not taken.

128.    As set forth above, Averhealth knew of the consequences that result from inaccurate test results, and it was reasonably foreseeable that its failure to utilize appropriate protocols and quality control methods in its tests would result in serious negative consequences for individuals who tested positive for substances that they had not taken.

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

129.   As a result of Defendant's breach set forth herein, Mr. Gonzalez was unable to see his children unsupervised, and the Court placed restrictions on Mr. Tullock's ability to see his child unsupervised, a restriction that has lasted nearly a year. That has resulted in damages including mental and emotional distress, humiliation, embarrassment, and pain and suffering.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray judgment against Defendant as follows:

1.   Certifying the Class as requested herein;

2.   Entering an order appointing undersigned counsel as lead counsel for the Class;

3.   Awarding actual damages against Defendant in an amount to be determined;

4.   Awarding injunctive relief as permitted by law or equity, including a preliminary and permanent injunction enjoining Defendant from continuing the unlawful practices as set forth herein;

5.   Awarding punitive damages against Defendant as the Court deems necessary or proper;

6.   Awarding pre-judgment and post-judgment interest;

7.   Awarding reasonable attorneys' fees and costs herein;

8.   Awarding such other and further relief as the Court deems fit and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: February 26, 2021          Respectfully submitted,

**LAW OFFICE OF RICHARD S. CORNFELD, LLC**

By:   _/s/Richard S. Cornfeld_____

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

Richard S. Cornfeld, #31046
Daniel S. Levy, #66039
Law Office of Richard S. Cornfeld, LLC
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
P. 314-241-5799
F. 314-241-5788
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

And

Anthony S. Bruning, #30906MO
Anthony S. Bruning, Jr., #60200MO
Ryan L. Bruning, #62773MO
THE BRUNING LAW FIRM, LLC
555 Washington Avenue, Suite 600
St. Louis, Missouri 63101
P. 314-735-8100 / F. 314-898-3078
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com

And

**PLEBAN & PETRUSKA LAW, LLC**

J.C. Pleban, MO Bar No. 63166
jc@plebanlaw.com
C. John Pleban, Mo. Bar No. 24190
cpleban@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO  63117
(314) 645-6666 - Telephone
(314) 645-7376 – Facsimile

*Attorneys for Plaintiffs*

23

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

21SL-CC00937

# Exhibit A

Electronically Filed - St. Louis County - February 26, 2021 - 04:45 PM

STATE OF MICHIGAN
MIDLAND COUNTY PROBATE COURT
42ND CIRCUIT COURT – FAMILY DIVISION

At a session of Court held in the City of Midland,
Midland County
On the 10th day of November 2020

PRESENT:  Honorable Dorene S. Allen
Presiding Probate and Family Court Judge

<u>BLANKET ORDER REGARDING SUBSTANCE USE TESTING
FOR MIDLAND COUNTY CHILD PROTECTION CASES</u>

This Court having been involved in the analysis of the quality and reliability of Aver Health a/k/a Aversys and their substance use testing, hereby orders that from this date forward an alternative lab will be used for child protection cases through this Court.

In 2019, this Court was apprised of a false positive result in a pending child protection action. The Court heard sworn testimony from an Aver Health official and it was represented that quality controls were put into place to ensure that this would never occur again.  Despite that, currently there are significant questions regarding the reliability of Aver Health.

There is a requirement that parents and parties to these child protection actions be confident that the laboratory results of the substance use testing are accurate.  There must to be security for the Court as well.   Decisions are made as to the welfare of children in these proceedings based upon all the facts.  The Court relies upon the accuracy of information.

On November 6, 2020, the Michigan Supreme Court State Administrative Office issued this Memorandum:

> Concerns have been brought to our attention regarding the accuracy of drug testing results provided by Averhealth, the company under contract with the Michigan Department of Health and Human Services (MDHHS) to provide substance use testing services to families involved in the child welfare system.

> In 2019, an Averhealth employee error led to 13 false positive test results. This was described as a one-time employee error, and was remedied by Averhealth providing written documentation to each client to explain the error, and adopting new procedures to provide more oversight of the testing processes. Recently, there was another false positive drug test that was submitted in a court proceeding. In addition, we have been informed that allegations have been raised regarding Averhealth employee practices not complying with the company's accreditation standards. MDHHS is currently investigating these allegations. We will provide additional information as it becomes available.

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

This Court therefore orders that substance abuse testing be conducted by an alternate laboratory to be selected by this Court.  Inasmuch as Aver Health was chosen by Michigan Department of Health and Human Services all expenses for such alternate testing shall be the responsibility of the Michigan Department of Health and Human Services.

This order shall remain in effect until such time as an alternate testing laboratory is available through the Michigan Department of Health and Human Services.

_____     November 10, 2020
Hon. Dorene S. Allen
Presiding Probate and Family Court Judge

**21SL-CC00937**

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

For File Stamp Only

Justin Gonzalez and Darrell E Tullock
_____
Plaintiff/Petitioner

2/26/2021
_____
Date

vs.

_____
Case Number

Avertest, LLC, dba Averhealth
_____
Defendant/Respondent

Circuit Civil
_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiffs Justin Gonzalez and Darrell E Tullock
_____, pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

David Roberts                PO Box 270471 St. Louis, MO 63127          314-966-5585
Name of Process Server              Address                                Telephone

_____
Name of Process Server              Address or in the Alternative           Telephone

_____
Name of Process Server              Address or in the Alternative           Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                            SERVE:
CSC-Lawyers Incorporating Company - Registered Agent
_____                  _____
Name                                             Name
 221 Bolivar Street
_____                  _____
Address                                          Address
 Jefferson City, MO 65101
_____                  _____
City/State/Zip                                   City/State/Zip

SERVE:                                            SERVE:

_____                  _____
Name                                             Name

_____                  _____
Address                                          Address

_____                  _____
City/State/Zip                                   City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

/s/ Richard S. Cornfeld
_____
Signature of Attorney/Plaintiff/Petitioner
 31046
By _____         Bar No.
    Deputy Clerk                           1010 Market Street, Suite 1645, St. Louis, MO 63101
                                           Address
                                            314-241-5799          314-241-5788
_____         Phone No.                      Fax No.
Date

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

21SL-CC00937

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

Justin Gonzalez and Darrell E Tullock
_____
Plaintiff/Petitioner

vs.

Avertest, LLC, dba Averhealth
_____
Defendant/Respondent

2/26/2021
_____
Date

_____
Case Number
Circuit Civil
_____
Division

⌐                                    ¬
          For File Stamp Only

L                                    ⌡

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiffs Justin Gonzalez and Darrell E Tullock                    , pursuant

                              Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

 David Roberts              PO Box 270471 St. Louis, MO 63127        314-966-5585
Name of Process Server      Address                                 Telephone

Name of Process Server      Address or in the Alternative           Telephone

Name of Process Server      Address or in the Alternative           Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                          SERVE:
CSC-Lawyers Incorporating Company - Registered Agent
Name                                            Name

 221 Bolivar Street
Address                                         Address

 Jefferson City, MO 65101
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:

Name                                            Name

Address                                         Address

City/State/Zip                                  City/State/Zip

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk

By/s/Austin Wampler
    Deputy Clerk

    03/04/2021
_____
Date

 /s/ Richard S. Cornfeld
_____
Signature of Attorney/Plaintiff/Petitioner
 31046
_____
Bar No.
 1010 Market Street, Suite 1645, St. Louis, MO 63101
Address
 314-241-5799              314-241-5788
_____
Phone No.                                Fax No.

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - February 26, 2021 - 04:45 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

**21SL-CC00937**

Electronically Filed - St Louis County - March 01, 2021 - 08:57 AM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS, MISSOURI
TWENTY-FIRST JUDICIAL CIRCUIT

| | | |
|---|---|---|
| JUSTIN GONZALEZ and<br>DARRELL E. TULLOCK JR., on behalf of<br>themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. |
| AVERTEST, LLC, dba Averhealth | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

COMES NOW, J.C. Pleban, of the law firm of Pleban & Petruska Law, LLC, and hereby

enters his appearance on behalf of Plaintiffs Justin Gonzalez and Darrell E. Tullock Jr.

Respectfully submitted,

PLEBAN & PETRUSKA LAW, LLC

By:     /s/ J.C. Pleban
          C. John Pleban, #24190
          cpleban@plebanlaw.com
          J.C. Pleban, #63166
          jc@plebanlaw.com
          2010 South Big Bend Blvd.
          St. Louis, MO  63117
          Telephone:     (314) 645-6666
          Facsimile:     (314) 645-7376

          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent to
all counsel of record via the Court's electronic filing system this 1st day of March, 2021.

          /s/ J.C. Pleban



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  21SL-CC00937 |
|---|---|
| Plaintiff/Petitioner:<br>JUSTIN GONZALEZ | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD S CORNFELD<br>1010 MARKET STREET<br>SUITE 1645<br>ST LOUIS, MO 63101 |
| **vs.** | |
| Defendant/Respondent:<br>AVERTEST, LLC<br>DBA:  AVERHEALTH | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  AVERTEST, LLC
          **Alias:**
          **DBA:  AVERHEALTH**

**2916 W MARSHALL STREET**
**SUITE A**
**RICHMOND, VA  23230**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>04-MAR-2021</u>
   **Date**
                                                                         **Clerk**

**Further Information:**
**AW**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual  abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
    Printed Name of Sheriff or Server                            Signature of Sheriff or Server

                 **Must be sworn before a notary public if not served by an authorized officer:**
                 Subscribed  and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
                                                   Date                                         Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1)** <u>**Advisory Arbitration:**</u> A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.   The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** <u>**Mediation:**</u> A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3)  Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4)  Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5)  Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

**21SL-CC00937**

Electronically Filed - St Louis County - March 01, 2021 - 08:59 AM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS, MISSOURI
TWENTY-FIRST JUDICIAL CIRCUIT

| | | |
|---|---|---|
| JUSTIN GONZALEZ and | ) | |
| DARRELL E. TULLOCK JR., on behalf of | ) | |
| themselves and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. |
| AVERTEST, LLC, dba Averhealth | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

COMES NOW, C. John Pleban, of the law firm of Pleban & Petruska Law, LLC, and

hereby enters his appearance on behalf of Plaintiffs Justin Gonzalez and Darrell E. Tullock Jr.

Respectfully submitted,

PLEBAN & PETRUSKA LAW, LLC

By:      /s/ C. John Pleban
C. John Pleban, #24190
cpleban@plebanlaw.com
J.C. Pleban, #63166
jc@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO  63117
Telephone:     (314) 645-6666
Facsimile:     (314) 645-7376

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was sent to
all counsel of record via the Court's electronic filing system this 1st day of March, 2021.

     /s/ C. John Pleban

Electronically Filed - St Louis County - March 05, 2021 - 04:22 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS, MISSOURI
TWENTY-FIRST JUDICIAL CIRCUIT

JUSTIN GONZALEZ and
DARRELL E. TULLOCK JR., on behalf of          )
themselves and all others similarly situated, )
                                              )
                  Plaintiffs,                 )
                                              )        Cause No. 21SL-CC00937
v.                                            )
                                              )
AVERTEST, LLC, dba Averhealth                 )
                                              )
                  Defendant.                  )
                                              )

**ENTRY OF APPEARANCE**

     COMES NOW Daniel S. Levy, of the Law Office of Richard S. Cornfeld, LLC, and

hereby enters his appearance on behalf of Plaintiffs.

                    Respectfully submitted,

                    LAW OFFICE OF RICHARD S. CORNFELD, LLC

                    By: */s/ Daniel S. Levy*_____
                         Daniel S. Levy, #66039
                         Richard S. Cornfeld, #31046
                         1010 Market Street, Suite 1645
                         St. Louis, Missouri 63101
                         Tel: (314) 241-5799
                         Fax: (314) 241-5788
                         dlevy@cornfeldlegal.com
                         rcornfeld@cornfeldlegal.com

                         And

                         Anthony S. Bruning, #30906MO
                         Anthony S. Bruning, Jr., #60200MO
                         Ryan L. Bruning, #62773MO
                         THE BRUNING LAW FIRM, LLC
                         555 Washington Avenue, Suite 600
                         St. Louis, Missouri 63101
                         P. 314-735-8100 / F. 314-898-3078

Electronically Filed - St Louis County - March 05, 2021 - 04:22 PM

tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com

And

J.C. Pleban, MO Bar No. 63166
C. John Pleban, Mo. Bar No. 24190
PLEBAN & PETRUSKA LAW, LLC
2010 South Big Bend Blvd.
St. Louis, MO  63117
(314) 645-6666 - Telephone
(314) 645-7376 – Facsimile
jc@plebanlaw.com
cpleban@plebanlaw.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2021, the foregoing was filed with the Court Clerk via the Court's electronic filing system and served on upon all counsel of record via the Court's electronic notification system.

*/s/ Daniel S. Levy*

2



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number: 21SL-CC00937 |
|---|---|
| Plaintiff's/Petitioner:<br>JUSTIN GONZALEZ<br><br><center>vs.</center> | Plaintiff's/Petitioner's Attorney/Address<br>RICHARD S CORNFELD<br>1010 MARKET STREET<br>SUITE 1645<br>ST LOUIS, MO 63101 |
| Defendant/Respondent:<br>AVERTEST, LLC<br>DBA: AVERHEALTH | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

Electronically Filed - St Louis County - March 12, 2021 - 02:37 PM

<center>**Summons in Civil Case**</center>

The State of Missouri to: AVERTEST, LLC
  Alias:
  DBA: AVERHEALTH

2916 W MARSHALL STREET
SUITE A
RICHMOND, VA 23230



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>04-MAR-2021</u>
Date

Further Information:
AW

_____
Clerk

---

<center>**Sheriff's or Server's Return**</center>

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

SHELLEY LEWIS (name) *designee of Registered Agent* (title).

☐ other _____

Served at 221 BOLIVAR ST. JEFFERSON CITY, MO 65101 (address)
in COLE (County/City of St. Louis), MO, on 03/09/21 (date) at 2:06 pm (time).

DAVID M. ROBERTS
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on March 4, 2021 (date).

My commission expires: May 4, 2024
Date

_____
Notary Public

(Seal)

KENDRA JOICETTE NESBITT
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
COLE COUNTY
COMMISSION #  20949282
MY COMMISSION EXPIRES: MAY 4, 2024

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* Document ID# 21-SMCC-1779    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo