UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN GONZALEZ, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-403 PLC |
| | ) |
| AVERTEST, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the parties' responses to the Court's Order of May 10, 2021 ("May 10 Order"). [ECF Nos. 22 & 25] In the May 10 Order, the Court directed Plaintiffs Justin Gonzalez and Darrell Tullock and Defendant Avertest LLC to "file memoranda, including argument and citation of authority, addressing whether compliance with Rule 5.1(a)(1)(B), Rule 5.1(b), and 28 U.S.C. § 2403(b) is required" in light of Plaintiffs' challenge to the constitutionality of amendments to the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. § 407.010, *et seq.*[1] [ECF No. 21]

---

[1] In paragraph 145 of the first amended class action complaint, Plaintiffs alleged:

> RETROSPECTIVE APPLICATION OF AMENDMENTS TO THE MMPA BY [MISSOURI] SENATE BILL 591 IS UNCONSTITUTIONAL
>
> 145. To the extent that the amendments in Missouri Senate Bill 591, from Missouri's 2020 legislative session, impaired the substantive rights of Plaintiffs and Class Members that accrued prior to the passage of such amendments, any attempt to apply such amendments retrospectively violat[e]s Missouri's prohibition of laws that are retrospective in operation. See Mo. Const. art. I, § 13; Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 769 (Mo. 2007) [(en banc)].

[ECF No. 20]

As the Court explained in the May 10 Order, Federal Rule of Civil Procedure 5.1(a) requires a plaintiff to promptly file a "notice of constitutional question" if "a state statute is questioned [in their first amended class action complaint] and the parties [to the lawsuit] do not include the state, one of its agencies, or one of its officers or employees in an official capacity." [ECF No. 21 (quoting Fed. R. Civ. P. 5.1(a)(1)(B))]  Additionally, "[t]he court must, under 28 U.S.C. § 2403, certify to the appropriate attorney general that [the constitutionality of] a statute has been questioned." [Id. (quoting Fed. R. Civ. P. 5.1(b))]  Section 2403 provides in pertinent part that:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

[Id. (quoting 28 U.S.C. § 2403(b))]

In response to the May 10 Order, Plaintiffs concede that the first amended class action complaint "'draws into question the constitutionality of a … state statute,' specifically the aspect regarding the retrospective application of the amendment to the MMPA where such amendments impair Plaintiffs' and Class Members' substantive rights that accrued prior to the amendments' passage." [ECF No. 22]  Along with their response, Plaintiffs submitted a proposed Notice of Constitutional Question. [ECF No. 22-1]  Defendant Avertest, LLC agrees that the amended class action complaint "clearly draws the constitutionality of Mo. Rev. Stat. § 407.025.3 into question," thereby triggering the requirements of Rule 5.1. [ECF No. 25]

Under the circumstances and after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff shall file the proposed Notice of Constitutional Question and provide notice to the Attorney General of Missouri in accordance with Federal Rules of Civil Procedure 5.1(a)(1) & (2).  [ECF No. 22-1]

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2403, the Court certifies to the Attorney General of Missouri that "a [Missouri] statute has been [constitutionally] questioned," in part, by an allegation, specifically paragraph 145, in Plaintiffs' first amended class action complaint [ECF No. 20].

**IT IS FURTHER ORDERED** that, on or before **June 2, 2021**, the Attorney General of Missouri shall file a memorandum advising the Court and parties whether Missouri intends to seek intervention in this lawsuit.

**IT IS FURTHER ORDERED** that, if the Attorney General of Missouri intends to seek intervention, he shall file material seeking intervention on or before **June 16, 2021**.

**IT IS FURTHER ORDERED** that the parties shall file, within **fourteen days after** the Attorney General of Missouri files material in response to this Order, their responses to the Attorney General's material.

**IT IS FINALLY ORDERED** that the Court **VACATES** the Rule 16 conference scheduled for June 2, 2021, to be reset after the Attorney General of Missouri has had adequate opportunity to intervene.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of May, 2021